UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE LAURIDSEN GROUP, INC., an Iowa corporation, and NIXON LAURIDSEN, an individual,<br><br>                            Plaintiffs,<br><br>   v.<br><br>ALLIANZ GLOBAL CORPORATE & SPECIALTY MARINE INSURANCE COMPANY, a domestic corporation, CONTINENTAL INSURANCE COMPANY, a domestic corporation, ACE AMERICAN INSURANCE COMPANY, a domestic corporation, ATLANTIC SPECIALTY INSURANCE COMPANY, a foreign corporation, and CATLIN INSURANCE COMPANY (UK) LTD., a foreign corporation, all subscribing to Insurance Policy No. WFIS5066/13,<br><br>                          Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT<br><br>**JURY DEMAND** |

Plaintiffs, The Lauridsen Group, Inc. and Nixon Lauridsen, state their Complaint as follows:

## I.    NATURE OF THIS ACTION

1.    This is a lawsuit for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to obtain a judicial declaration as to Defendants' obligation to provide insurance coverage for Plaintiffs in connection with damage to the motor yacht Baden ("M/Y Baden"); to recover policy benefits

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

and damages attending Defendants' breach of the insurance contract; and to recover damages for Defendants' bad faith claims handling practices, violations of the Consumer Protection Act, and violations of the Insurance Fair Claims Act.

## II.     PARTIES, JURISDICTION AND VENUE

2.1     This Court has jurisdiction of this matter under 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 2201 (declaratory judgments).  This is a civil action between citizens of different states, with an amount in controversy exceeding $75,000, exclusive of interest and costs.

2.2     Plaintiff The Lauridsen Group, Inc. ("LGI") is an Iowa Corporation with its principal place of business in Iowa, a named insured and loss-payee under a Builders Risk Insurance Policy No. WFIS5066/13 (the "Policy"), and an owner of the Constructive Total Loss Claim (as defined in the Policy) resulting from the destruction of property at issue in this lawsuit, i.e. the M/Y Baden.

2.3     Plaintiff Nixon Lauridsen ("Lauridsen") is an individual and a citizen of Iowa, an additional insured and loss-payee under the Policy, and an owner of the Constructive Total Loss Claim resulting from the destruction of the property at issue in this lawsuit, i.e. the M/Y Baden.

2.4     Defendant Allianz Global Corporate & Specialty Marine Insurance Company ("Allianz") is, on information and belief, a corporation organized under the laws of a state other than Iowa, domiciled in New York and doing business in Washington.  Allianz is the designated Lead Underwriter on all matters relating to claims-related to the Policy.  Allianz insured the M/Y Baden under the Policy.

2.5     Defendant ACE American Insurance Company ("ACE") is, on information and belief, a corporation organized under the laws of a state other than Iowa, domiciled in Pennsylvania and doing business in Washington.  ACE is a subscribing insurer to the Policy.

2.6     Defendant Continental Insurance Company ("Continental") is, on information and belief, a corporation organized under the laws of a state other than Iowa, domiciled in

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

Pennsylvania and doing business in Washington.  Continental is a subscribing insurer to the Policy.

2.7     Defendant Catlin Insurance Company (UK) Ltd. ("Catlin") is, on information and belief, a foreign corporation organized under the laws of the United Kingdom, which is a citizen or subject of a state or country other than the United States that is doing business in Washington.  Catlin is a subscribing insurer to the Policy.

2.8     Defendant Atlantic Specialty Insurance Company ("Atlantic") is, on information and belief, a corporation organized under the laws of a state other than Iowa, domiciled in New York and doing business in Washington.  Atlantic is a subscribing insurer to the Policy.

## III.     VENUE

3.1     Venue is appropriate as at all material times Defendants were doing business in the Western District of Washington, the facts giving rise to this lawsuit occurred in the Western District of Washington, and the at-issue insurance policy was sold in the Western District of Washington.

## IV.     RELEVANT FACTS

### A.     The Newbuild Contract

4.1     On September 30, 2011, LGI and Lauridsen entered into a Vessel Construction Agreement (the "Newbuild Contract") with New World Yacht Builders LLC ("NWYB") to build a new 90 foot long expedition yacht.  The yacht was designated "Hull #8501" in the Newbuild Contract and was subsequently named the M/Y Baden.

4.2     The Newbuild Contract contemplated a build price of $5,293,400.  For a number of reasons, including, but not limited to, unforeseen delays and change orders, as of May 18, 2014, Lauridsen had paid at least $10,926,000 to NWYB for work on the M/Y Baden.

4.3     With respect to ownership of the M/Y Baden during construction, the Newbuild Contract provided:

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

Title to all work, equipment and material shall pass from [NWYB] to [LGI and Lauridsen] at the earliest of the time it is paid for by [LGI and/or Lauridsen] or when it has been installed in the Vessel or appropriated to the work….

As of May 18, 2014, Lauridsen had paid NWYB at least $10,926,000 for work and equipment installed on or appropriated to the M/Y Baden. At that time the M/Y Baden was approximately 90% completed.

4.4    With respect to insurance for the M/Y Baden during construction, the Newbuild Contract provided:

[NWYB] shall procure insurance for the Vessel, including all machinery, equipment and apparatus, for full replacement failure to the date of any loss or damage, pursuant to a stand form of Builder's Risk Insurance. All insurance policies shall name as co assureds [NWYB] and [LGI and Lauridsen] as their interests may appear and losses under such policies shall be payable to [LGI and Lauridsen].

**B.    The Insurance Contract.**

4.5    Per the terms of the Newbuild Contract, NWYB purchased the Policy from Defendants. The Policy is a Builder's Risk insurance policy covering against all risks of physical loss of, or damage, to the vessels being built by NWYB, including the M/Y Baden, except as expressly excluded. There is no applicable exclusion.

4.6    The Policy provided coverage for the period December 16, 2013 to November 30, 2014.

4.7    The Policy provides, in relevant part, $10 million limits for the M/Y Baden.

4.8    Plaintiff LGI is a named Additional Insured and Loss Payee on the Policy. Plaintiff Lauridsen is an Additional Insured and Loss Payee on the Policy.

4.9    The Policy expressly provides that in case of failure to launch the M/Y Baden, the Defendants are liable, up to the Policy limits ($10 million) for the costs of completing the launch.

4.10    The Policy expressly provides that a loss is a Constructive Total Loss ("CTL") if the expense of recovering and restoring the M/Y Baden to the stage of her construction at the time of loss is greater than the M/Y Baden's value at the time of loss. The Policy details how the vessel's value is to be determined for Vessel's value for CTL purposes:

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

Value shall be taken to be the cost of labor actually expended by [NWYB] in the construction of the [M/Y Baden] and material actually incorporated therein at the time of loss, including accrued overhead and profit on such labor and material, not exceeding the Agreed Value.

4.11    The Policy defines "Agreed Value".

The [M/Y Baden]...is and shall be valued at the completed contract price plus the value of materials and equipment destined for the Vessel but not included in such price.

**C.    The Loss Event.**

4.12    On Sunday May 18, 2014, NWYB attempted to launch the M/Y Baden at its shipyard in Anacortes, Washington.  It rolled over and partially capsized immediately upon launch.  Salt water flowed freely throughout the interior of the vessel—ruining every system, all of the electronics, the engines, generators and compressors, and all of the interior finishes and furniture.

4.13    As a result of the capsizing, salt water intrusion and damages resulting therefrom, the M/Y Baden is a CTL.  In order to repair the vessel to its pre-loss condition all of the installed systems, components and finishes would need to be torn out and discarded. The vessel would need to be stripped back to the fiberglass hull and rebuilt with entirely new equipment, material, systems and furnishings.  The cost to perform all of these repairs would exceed the vessel's value at the time of loss, and the limits of the insurance available under the Policy at that time. Accordingly, on May 18, 2014, NWYB, with the concurrence of Plaintiffs, tendered Notice of Abandonment of the M/Y Baden to Defendants.

4.14    On May 19, 2014, Defendants rejected the Notice of Abandonment.

4.15    The M/Y Baden remained mostly submerged for at least 36 hours.  Finally, on May 23, 2014, the vessel was moved to dry land storage in Anacortes where it still sits today; a moldy, corroded, and virtually worthless hulk.

4.16    Immediately after the M/Y Baden capsized, NWYB undertook an internal investigation of the cause of loss.  NWYB published the results of that investigation on June 2,

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

2014.  The cause of loss was determined to be a fortuitous failure in the launch—a covered event under the Policy.

4.17    On July 9, 2014, Plaintiffs submitted a Verified Statement of Loss detailing the $10,926,005.69 loss sustained.  This was submitted to Defendants by NWYB on July 14, 2014, as part of NWYB's Verified Statement of Loss.

**D.    Claims Handling.**

4.18    On August 15, 2014, Defendants acknowledged the July 14, 2014 tender and issued a Reservation of Rights.  In that letter Defendants identified policy language that could limit coverage if implicated.  For example:

(a)    Defendants referenced three exclusions:  faulty design of any part or parts; faulty workmanship; and faulty production or assembly procedures.  Over the ensuing months, Plaintiffs have repeatedly asked Defendants to explain what information supports Defendants' belief that any of these exclusions might be implicated in this loss. Defendants have responded that they do not need to answer these questions because they are treating this as a covered loss, and yet, more than twelve months after the loss, Defendants continue to reiterate the coverage reservations and have paid nothing on the claim.

(b)    Defendants disputed NWYB's determination of the cause of loss, claiming that "Interviews and investigation conducted to date by Underwriters' adjusters and surveyors…indicate that the Baden was launched in a condition of insufficient positive stability…."  Despite the passage of more than twelve months since the date of loss and Plaintiffs' repeated requests, Defendants have failed to provide any factual analysis or expert evaluation to substantiate this claim and have refused to explain how such a condition, if it were true, would implicate coverage.

(c)    Without undertaking any meaningful investigation, Defendants rejected Plaintiffs' tender of the loss as a constructive total loss ("CTL"), claiming that the cost to restore the

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

M/Y Baden to its pre-loss condition would not exceed the available insurance limits. Despite the passage of more than twelve months since the date of loss, Defendants have failed in their effort to substantiate this claim. Defendants have commissioned three separate shipyards to ostensibly perform a survey of the vessel and then prepare estimates of the cost to return the vessel to her pre-launch condition. The entire effort has been an ill-conceived attempt by Defendants to substantiate the common-sense defying claim that this is not a CTL claim.

(d)    Defendants reserved their rights with respect to the Declared Value of the vessel at the time of the loss. Defendants originally claimed the available policy limits were only $8 million. However it was subsequently revealed to Plaintiffs that this was a "red herring" and the Defendants later conceded that the stated $10 million limits are the actual Policy limits for this Claim.

4.19    On August 15, 2014, without undertaking any meaningful investigation of the loss, Defendants offered to negotiate a settlement of Plaintiffs' policy limits claim for less than one-half of the $10 million policy limits.

4.20    In numerous letters to Defendants, Plaintiffs have made it clear that this is a policy limits claim. Nevertheless, to avoid any confusion on this issue, and because more than ten months had passed since the loss without any resolution of the claim, on March 5, 2015, Plaintiffs reiterated a specific policy limits demand. Defendants rejected the demand on March 19, 2015, advising that they believe the vessel can be repaired to her pre-loss condition for as little as $5,795,000.

4.21    In their March 19, 2015 letter rejecting Plaintiffs' policy limits demand, Defendants stated:

> Should the Assureds elect not to rebuild the Baden, Underwriters will promptly provide funds equivalent to the rebuild cost on receipt of payments instructions agreed to by the NWYB receiver and LGI. In the absence of an agreed payment instruction, Underwriters will place these funds in an escrow account or court register.

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

....

To be clear, Underwriters are not seeking a release in exchange for this payment.

Based on this response, Plaintiffs believed Defendants were affirmatively resolving the confusion regarding whether Defendants are treating this as a covered loss. Obviously, if even this partial payment were made, then there would be no doubt that coverage was agreed.

4.22   On March 26, 2015, Plaintiffs wrote back to Defendants providing payment instructions and made a demand for immediate payment of the agreed minimum partial payment.

4.23   On April 9, 2015, Defendants reneged on the previous offer to make the minimum partial payment and rejected Plaintiffs demand. In that letter, Defendants advised that they had now received all of the solicited repair bids, the mid-range bid being in the amount of $7,925,000.

4.24   On May 5, 2015, Plaintiffs wrote again to Defendants:

> In your letter you further stated: "Should [NWYB and Mr. Lauridsen] elect not to rebuild the Baden, Underwriters will promptly provide funds equivalent to the rebuild cost on receipt of payment instructions agreed to by NWYB's Receiver and Mr. Lauridsen."

> Underwriters have known for nearly one year that the insureds have elected not to rebuild the vessel. The insureds now demand that Underwriters honor their promise and remit payment of at least $7,925,000, the mid-range of its own solicited repair estimates.

Defendants have not responded to Plaintiffs demand. Defendants have not paid Plaintiffs any money on this claim.

4.25   Defendants have refused to pay the tendered claim without conducting a reasonable investigation; have not attempted in good faith to effectuate a prompt, fair and equitable settlement of the claim even though coverage under the Policy is clear; have misrepresented pertinent facts and insurance policy provisions; have attempted to shift to Plaintiffs the cost and burden of investigation; have failed to acknowledge and act reasonably promptly upon communications with respect to the claim; have compelled Plaintiffs to initiate this lawsuit to recover amounts due under the Policy; have attempted to settle the claim for less than the amount to which a reasonable person would have believed he or she was entitled; have

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for offering the low ball compromise settlement; and have failed to adopt and implement reasonable standards for the processing of claims after the obligation to pay has been established. It has been more than twelve months since the date of loss and Defendants have yet to give Plaintiffs any indication that there is a plan to resolve this claim. In essence the Defendants have spent twelve months posturing and delaying resolution of Plaintiffs' claim.

4.26    Defendants have violated RCW 48.30.015 by repeatedly and continuously violating the provisions of Washington Administrative Code 284-30-330, 350, and 370, all as more fully described above.

4.27    On February 20, 2015, in compliance with RCW 48.30.015 (8)(a), Plaintiffs provided both the Defendants and the Office of the Insurance Commissioner the required twenty day notice of the Plaintiffs' intent to file this lawsuit and assert a claim for treble damages and other appropriate damages including, but not limited to, fees and costs, pursuant to RCW 48.30.015 (2) and (3). Defendants have made no effort to conclude the loss adjustment and either pay or settle this matter and the twenty days have elapsed.

## V.    FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT (28 U.S.C. § 2201) RE: COVERAGE

5.1    The foregoing paragraphs are re-alleged.

5.2    There is a genuine and bona fide dispute between Plaintiffs and Defendants concerning whether the Policy provides coverage in connection with the property damage.

5.3.    Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Plaintiffs request that the Court declare that the Policy provides coverage for Plaintiffs' property damage claim as set forth in the July 9, 2014 Verified Statement of Loss.

5.4    A declaratory judgment action is appropriate to determine coverage under an insurance policy in cases such as this where a dispute exists as to coverage.

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

## VI.  SECOND CAUSE OF ACTION – BREACH OF CONTRACT

6.1   The foregoing paragraphs are re-alleged.

6.2   Defendants had a contractual duty to Plaintiffs to provide coverage for their property losses and to act reasonably and in good faith in the investigation and adjustment of their claim.  Defendants' handling of the claim, delay in making a coverage determination and refusal to pay the fair value of the claim as required by the Policy, breaches Defendants' contractual duties.  Plaintiffs complied with all applicable conditions precedent under the Policy which were not waived by Defendants.

6.3   As a direct and proximate result of Defendants' breaches of the insurance contract, Plaintiffs have suffered damages, and continue to suffer damages, in an amount to be proven at trial.

6.4   Plaintiffs are also entitled to recover attorney's fees and costs as provided under *Olympic Steamship Company, Inc. v. Centennial Insurance Company*, 117 Wn.2d 37, 84 P.2d 673 (1991).

## VII.  THIRD CAUSE OF ACTION – BAD FAITH CLAIMS HANDLING

7.1   The foregoing paragraphs are re-alleged.

7.2   Defendants' handling of Plaintiffs' insurance claim constitutes the tort of bad faith.  As a direct and proximate result of Defendants' bad faith, Plaintiffs have suffered damages in an amount to be proven at trial.

## VIII.  FOURTH CAUSE OF ACTION – CONSUMER PROTECTION ACT VIOLATIONS

8.1   The foregoing paragraphs are re-alleged.

8.2   Defendants' actions, as described in this complaint, constitute a violation of Washington's Consumer Protection Act, RCW 19.86 et seq.  As a direct and proximate result of Defendants' violations of RCW 19.86, Plaintiffs have suffered damages in an amount to be proven at trial, including, but not limited to, fees, costs, and statutory exemplary damages.

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA  98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

## IX.     FIFTH CAUSE OF ACTION – VIOLATION OF RCW 48.30.015

9.1    The foregoing paragraphs are re-alleged.

9.2    Defendants have violated RCW 48.30.015 by repeatedly and continuously violating the provisions of Washington Administrative Code 284-30-330, 350, 360, 370, and 380. As a direct and proximate result of Defendants' violations of RCW 48.30.015, Plaintiffs have suffered damages in an amount to be proven at trial, including, but not limited to, treble damages, fees and costs.

## X.     RESERVATION OF RIGHTS

10.1    The foregoing paragraphs are re-alleged.

10.2    Plaintiffs reserve the right to amend this Complaint to allege any additional Policy provision or claim which may be relevant to this matter.

## XI.     PRAYER FOR RELIEF

Plaintiffs request that the Court enter judgment against all Defendants jointly and severally as follows:

11.1    Plaintiffs request an Order declaring all of the relative rights and responsibilities of the parties under the contracts of insurance at issue herein pursuant to 28 U.S.C. § 2201.

11.2    Plaintiffs request an Order declaring Defendants have breached the contract between Plaintiffs and Defendants.

11.3    Plaintiffs request an Order declaring coverage by estoppel.

11.4    Plaintiffs request all damages proximately caused by Defendants' breach of contract and/or bad faith.

11.5    Plaintiffs request allowable attorney's fees and costs, including those incurred by Plaintiffs for being forced to sue to obtain the benefits of the insurance contract.

11.6    Plaintiffs request exemplary damages to the extent available under the Consumer Protection Act, RCW 19.86, et seq. and any other applicable law.

11.7    Plaintiffs request treble damages, fees and costs pursuant to RCW 48.30.015.

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}

11.8    Plaintiffs request pre and post-judgment interest.

11.9    Plaintiffs request such other and further relief, whether legal or equitable, as this Court deems just and proper.

DATED this 27th day of May, 2015.


CAIRNCROSS & HEMPELMANN, P.S.


By:
John E. D. Powell, WSBA No. 12941
James P. Wagner, WSBA No. 10730
Jennifer Faubion, WSBA No. 39880
Attorneys for Plaintiffs LGI and Lauridsen

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Phone: 206-587-0700
Fax: 206-587-2308
jpowell@cairncross.com
jwagner@cairncross.com
jfaubion@cairncross.com

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH
OF CONTRACT, BAD FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND VIOLATION OF
THE INSURANCE FAIR CLAIMS ACT - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 2nd Ave, Suite 500
Seattle, WA 98104
office 206 587 0700 fax: 206 587 2308

{01040976.DOCX;1}